**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000067
23-AUG-2017
08:24 AM**

NO. CAAP-16-0000067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MIKE YELLEN, Plaintiff-Appellant, v.
OFFICE OF THE PROSECUTING ATTORNEY; STATE OF HAWAII;
FORMER GOVERNOR NEIL ABERCROMBIE; GOVERNOR DAVID IGE;
DEPARTMENT OF MOTOR VEHICLEs; JANE/JOHN DOES 1-100,
Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC-15-1-000440)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Mike Yellen (**Yellen**) appeals *pro se* from the Order Granting Defendants State of Hawai'i, Neil Abercrombie, and David Ige's Motion to Dismiss Complaint Filed on April 17, 2015 (**Order Dismissing Complaint Against State Defendants**), which was entered by the District Court of the Third Circuit, North and South Hilo Division (**District Court**), on January 11, 2016.[1]  In addition, Yellen challenges the District Court's Order Granting Defendants County of Hawai'i Office of the Prosecuting Attorney and Department of Finance Vehicle

---

[1]     The Honorable Andrew P. Wilson presided.

Registration and Licensing Division's Motion to Dismiss Complaint Filed on April 17, 2015, which was entered on June 8, 2015 (**Order Dismissing Complaint Against County Defendants**).

Yellen's Opening Brief does not properly state points of error in compliance with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), but it appears that he contends that the District Court erred in dismissing his Complaint based on his assertion that: (1) technical defects in service of process should not result in dismissal of the Complaint; and (2) the Complaint properly stated claims on which relief can be granted because (a) he has been issued driving citations and certain requirements for operating motor vehicles under Hawai'i law and the Driver License Compact (**Compact**) are unconstitutional, and (b) the reading of <u>Miranda</u> rights are constitutionally required before the issuance of traffic citations.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yellen's contentions as follows:

(1) It is undisputed that, in this case, Yellen failed to serve the State and County Defendants in the manner required by District Court Rules of Civil Procedure (DCRCP) Rules 4(d)(1), 4(d)(4), and 4(d)(5).[2] On appeal, Yellen appears to argue that

---

[2] DCRCP Rule 4 provides, in relevant part:

(d) **Same: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(continued...)

the provisions of DCRCP 4 need not be satisfied because the defendants have been put on notice of the suit and were not prejudiced by the improper service. This argument is without merit. Under Hawai'i law,

> it is service of process, not actual knowledge of the commencement of the action which confers jurisdiction. Otherwise a defendant could never object to the sufficiency of service of process, since he must have knowledge of the suit in order to make such objection. . . . The crux of the matter is not whether [a] defendant has knowledge of the action but whether it has been put to the defendant, in the proper way, that he must appear and defend or be in default.

Tropic Builders, Ltd. v. Naval Ammunition Depot Lualualei Quarters, Inc., 48 Haw. 306, 319, 402 P.2d 440, 448-49 (1965) (footnote omitted); see also Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 198, 268 P.3d 443, 451 (App. 2011) (citing Tropic Builders, 48 Haw. at 319, 402 P.2d at 448) (holding that a defendant's knowledge of the suit did not cure deficient service of process).

---

[2](...continued)
    (1) Upon an individual other than an infant or an incompetent person, (i) by delivering a copy of the summons and of the complaint to that individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (ii) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
    . . .
    (4) Upon the State by delivering a copy of the summons and of the complaint to the attorney general of the State or to the assistant attorney general or to any deputy attorney general who has been appointed by the attorney general.
    (5) Upon an officer or agency of the State by delivering a copy of the summons and of the complaint to the attorney general of the State, or to the assistant attorney general or to any deputy attorney general who has been appointed by the attorney general, and also by delivering a copy of the summons and of the complaint to such officer or agency. If the agency is a corporation, its copies shall be delivered as provided in paragraph (3) of this subdivision of this rule.

(2)    Even assuming, *arguendo*, that service was effective, we conclude that the District Court did not err in dismissing the Complaint.

(a)    Yellen claims that his constitutional rights were violated by the requirements under Hawai'i law to (1) obtain a driver's license, (2) have his vehicle safety inspected, and (3) pay fines assessed for parking tickets.  These arguments are entirely without merit.  See, e.g., Kernan v. Tanaka, 75 Haw. 1, 22, 856 P.2d 1207, 1218 (1993); State v. French, 77 Hawai'i 222, 225, 231, 883 P.2d 644, 647, 653 (App. 1994).

(b)    Yellen also contends on appeal that he should have been read his Miranda rights before he received traffic citations.  However, Yellen did not allege in the Complaint that he received traffic citations (although he referenced a parking ticket), nor does the record on appeal contain any allegation or assertion that Yellen's rights under Miranda were violated.  We conclude that this issue was not raised before the District Court and therefore will not be considered in this appeal.  See, e.g., Hill v. Inouye, 90 Hawai'i 76, 82, 976 P.2d 390, 396 (1998).

For these reasons, the District Court's January 11, 2016 Order Dismissing Complaint Against State Defendants and June

4

8, 2015 Order Dismissing Complaint Against County Defendants are affirmed.

DATED: Honolulu, Hawai'i, August 23, 2017.

On the briefs:

Mike Yellen,
Plaintiff-Appellant, *Pro Se.*

Patricia Ohara,
Kyle K. Chang,
Deputy Attorneys General,
for Defendant-Appellees,
State of Hawai'i, Former
 Governor Neil Abercrombie,
 and Governor David Ige.

Christopher P. Schlueter,
Belinda Castillo Hall,
Deputies Corporation Counsel,
Laureen L. Martin,
Deputy Corporation Counsel
 Section Chief,
Office of the Corporation Counsel,
for Defendants-Appellees,
County of Hawai'i Office of the
 Prosecuting Attorney and
 Department of Finance Vehicle
 Registration and Licensing Division.

Presiding Judge

Associate Judge

Associate Judge